**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO HERNANDEZ,<br><br>         Petitioner,<br><br>    vs.<br><br>ANTHONY HEDGPETH, WARDEN,<br><br>         Respondent. | CASE NO. ED CV 12-792-JSL (RZ)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a <u>de novo</u> review of those portions of the Report to which Petitioner and Respondent have objected.

In his objections, Petitioner claims that the magistrate judge did not sufficiently address Petitioner's claim that he was denied his Sixth Amendment right to counsel based on his trial counsel's failure to interview Sharif Khafaga, the operator of a pizza shop located in the same strip mall as the business that the victim operated. According to Petitioner, Khafaga's testimony could have served two purposes. First, it would have shown that the victim lied when he testified that he had seen Petitioner only a few times before the shooting. Specifically, Petitioner believes that Khafaga would have testified that Petitioner and the victim saw each other on nearly a daily basis because

Petitioner worked as maintenance man at the strip mall.  Second, Petitioner asserts that Khafaga's testimony would have supported Petitioner's testimony that Petitioner and the victim had never had any problems with each other before the shooting.

This claim fails for lack of evidence.  First, Petitioner has provided no evidence in the form of either an affidavit or a declaration from Khafaga stating that Khafaga was willing to testify or identifying the facts to which he would have testified had he been willing to do so.  *See Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000) (rejecting ineffective assistance of counsel claim based on failure to call witnesses where petitioner presented no affidavit from witness showing that witness was willing to provide helpful testimony to petitioner).  And, Petitioner's belief that Khafaga's testimony would have been beneficial to Petitioner's defense is unfounded.  Although both Khafaga and the victim operated a business in the same strip mall, there is no reason to believe that Khafaga would have monitored any of the alleged interactions between Petitioner and the victim.  Nor is there any reason to believe that Khafaga would have been privy to what was said during these alleged interactions.

Second, Petitioner has not shown that counsel failed to interview Khafaga.  As Petitioner concedes, counsel located Khafaga. (Pet., Points & Auth. at 30.)  Although Petitioner is represented by counsel, Petitioner provides no evidence in the form of an affidavit or declaration from defense counsel stating whether, in fact, he interviewed Khafaga.  Accordingly, there is no reason to accept Petitioner's self-serving speculation that counsel failed to do so.  *See Gentry v. Sinclair*, 693 F.3d 867, 882-83 (9th Cir. 2012) (rejecting ineffective assistance of counsel claim based on counsel's failure to offer evidence where petitioner failed to provide declaration or affidavit from counsel addressing reason counsel did not to present such evidence).

///

///

///

1  The Court, therefore, accepts the findings and recommendations of the
2  Magistrate Judge.

4  DATED: July 8, 2013          *Spencer Letts*

   _____
   J. SPENCER LETTS
   UNITED STATES DISTRICT JUDGE